IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **ROSALINDA HOSKINS** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | 21A00064 |
| **V.** | ) | **FILE NO.:** |
| | ) | |
| **WAL-MART STORES EAST, L.P.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT FOR NEGLIGENCE AND DAMAGE**

**COMES NOW,** Plaintiff, Rosalinda Hoskins by and through her counsel of record, The Spencer Law Firm, LLC, and avers against Wal-Mart Stores East, L.P., defendant, as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff is a resident of Georgia and resides in Gwinnett County, Georgia.

2.

Defendant, Wal-Mart Stores East, L.P., has an office and transacts business at 1825 Rockbridge Rd, Stone Mountain, Dekalb County, GA 30087.

3.

Defendant, Wal-Mart Stores East, L.P., can be served with process through their registered agent, The Corporation Company (FL), 112 North Main Street, Cumming, GA 30040.



STATE COURT OF
DEKALB COUNTY, GA.
1/7/2021 12:00 PM
E-FILED
BY: Siana Smith

4.

Under O.C.G.A. § 14-2-510, venue is appropriate in actions for damages because of torts, wrong, or injury done, in the county where the cause of action originated, if the corporation has an office and transacts business in that county, Wal-Mart Stores East, L.P. has an office and transacts business in Dekalb County; thus, jurisdiction and venue are proper in this Court.

**STATEMENT OF FACTS**

5.

On September 5th, 2020, Rosalinda Hoskins was shopping in the produce department at Wal-Mart Stores East, L.P., located at 1825 Rockbridge Rd, Stone Mountain, Dekalb County, GA 30087.

6.

As Rosalinda Hoskins was carefully and prudently walking down an aisle in Wal-Mart when she slipped and fell on a slippery substance left on the floor.

7.

At all relevant times, defendant was in control of the maintenance and care of the aisles in Wal-Mart.

8.

Defendant failed to maintain the safety of its aisles; defendant neglected to ensure that the floor was free and clear of any harmful and hazardous substances.

9.

Rosalinda Hoskins was not contributorily negligent while shopping at the subject Wal-Mart.

10.

If it were not for defendant's failure to remove the slippery substances from the floor Rosalinda Hoskins would not have been injured.

11.

As a result of the fall, Rosalinda Hoskins suffered immediate pain in her knee, leg, and back.

**COUNT I**

**NEGLIGENCE**

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 11 above, and Plaintiff further alleges:

12.

This fall was caused by the recklessness, carelessness, and negligence of defendant. For that among other acts and omissions, defendant Wal-Mart Stores East, L.P.:

a. Failed to properly supervise the public area in question, so as to furnish to Rosalinda Hoskins a safe and level shopping area, free from hazards which were recognized or should have been recognized by defendant, as causing or likely to cause serious physical harm to Rosalinda Hoskins, and others;

b. Failed to maintain the safe conditions of the public area in question, ensuring that Rosalinda Hoskins would not slip and fall due to any slippery substances which existed and which were known, and should have been known to defendant;

c. Failed to thoroughly inspect the public area wherein Rosalinda Hoskins fell as a result of the slippery substance;

d. Failed to maintain the premises owned by defendant, ensuring safe conditions for Rosalinda Hoskins and others;

e. Failed otherwise to comply with the applicable laws and regulation of the State of Georgia and the applicable Federal laws and regulations;

f. Otherwise failed to exercise the degree of care required under the circumstances; and

g. In other respects, not now known to Rosalinda Hoskins by which may become known prior to or at the time of trial.

13.

Defendant was negligent in maintaining the aisle which caused the injuries Rosalinda Hoskins complains of throughout this Complaint.

14.

As the direct and proximate result of defendant's negligence, Rosalinda Hoskins suffered serious physical injuries.

15.

To the extent Rosalinda Hoskins suffered any aggravation of pre-existing conditions, defendant directly and proximately caused any aggravations to such conditions as the result of its negligence.

## COUNT II

## DAMAGES

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 15 above, and Plaintiff further alleges:

16.

As a direct and proximate result of defendant's negligence, Rosalinda Hoskins' damages consist of the following:

a. Medical treatment,

b. Future expenses for medical treatment,

c. Conscious pain and suffering,

d. Future conscious pain and suffering,

e. Permanent injuries to the affected parts.

17.

As the direct and proximate result of defendant's negligence, Rosalinda Hoskins demands special damages in the amount of $49,319.36 for medical expenses already incurred.

18.

All of the aforementioned damages were directly and proximately caused by the aforementioned negligence of defendant and were incurred without contributory negligence or assumption of the risk by Rosalinda Hoskins.

**WHEREFORE**, Rosalinda Hoskins prays that she has a trial on all issues and judgement against defendant, as follows:

a. That defendant be cited to appear and answer herein;

b. That Plaintiff recover past and future medical expenses and past and future lost wages in an amount to be proven at trial;

c. That Plaintiff recover for past and future physical and mental pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiff have a trial by jury of twelve.

e. That Plaintiff recover reasonable attorney's fees and costs of litigation under O.C.G.A. §13-6-11;

f. Prejudgment and post-judgment interest at the maximum rate allowed by law; and

g. Any other and further relief that the Court considers just and proper.

This 7th day of January, 2021.

Respectfully Submitted,
**The Spencer Law Firm, LLC**

*/s/ Michael Peterson*
Michael Peterson
State Bar No. 560364
**Attorney for Plaintiff**
mike@quintonspencer.com
Quinton V. Spencer
State Bar No. 871116
**Attorney for Plaintiff**
450 S. Peachtree Street, Suite A
Norcross, Georgia 30071
P:(404) 670-9918
Fax: (678) 550-9225

STATE COURT OF
DEKALB COUNTY, GA.
1/7/2021 12:00 PM
E-FILED
BY: Siana Smith

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ROSALINDA HOSKINS,

Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

Defendant.

_______________________/

Civil Action File No. 21A00064

ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, L.P., and makes this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint. Jurisdiction and Venue are proper in the United States District Court, Northern District of Georgia, Atlanta Division.

5.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant admits only that it had some maintenance responsibilities. Defendant denies the remaining allegations contained in paragraph 7 of the Plaintiff's Complaint, as stated.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's

Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

"Count I"

"Negligence"

Defendant realleges and incorporates by reference all those answers in paragraphs 1 through 11 above.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint, including subparagraphs a., b., c., d., e., f., and g., thereof.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's

Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

"Count II"

"Damages"

Defendant realleges and incorporates by reference all those answers in paragraphs 1 through 15 above.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint, including subpargraphs a., b., c., d., and e. thereof.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's

Complaint.

19.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

20.

Defendant denies Plaintiff's prayer for relief, including subparagraphs a., b., c., d., e., f., and g. thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088

/s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, L.P.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, L.P. has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 15th day of January, 2021.

McLAIN & MERRITT, P.C.

/s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, L.P.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com